LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| Case No. | CV 13-00527-BRO (FFMx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE DEFENDANT's MOTION TO DISMISS [68] PLAINTIFF'S MOTION FOR AN ORDER PERMITTING PRE-CERTIFICATION DISCOVERY [72]

Plaintiff Ashley Amirhamzeh ("Plaintiff") brings this action individually and on behalf of the proposed class against Defendant Chase Bank USA, N.A. ("Chase" or "Defendant"). Plaintiff alleges that Defendant engaged in misleading and deceptive marketing and administration of its credit card payment protection program ("Payment Protector plan").

Before the Court is Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"), made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 68.) The TAC states five causes of action: (1) intentional misrepresentation; (2) violations of the California Consumer Legal Remedies Act, Cal. Civ. Code section 1750 *et seq.* ("CLRA"); (3) violations of the California Unfair Business Practices Act *or* California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200 *et seq.*; (4) Breach of Contract; and (5) Breach of Implied Covenant of Good Faith and Fair Dealing.

After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-00527-BRO (FFMx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.  Background

Plaintiff's allegations center on a credit card account she opened with Washington Mutual Bank in September of 2008.  (TAC ¶¶ 41-42.)  At that time, Plaintiff claims she was unknowingly enrolled in a credit protection program for which she incurred monthly charges on her credit card statements.  (TAC ¶ 48.)  After Chase acquired Plaintiff's account, it continued to charge Plaintiff a varying monthly fee for the credit protection plan.  (TAC ¶¶ 42-43.) Following a class action lawsuit, *Kardonick, et al. v. JPMorgan Chase & Co. et al.*, Case No. 10-cv-23235, Defendant entered into a settlement agreement addressing this alleged wrongdoing. (TAC at 2.) Plaintiff is a member of the *Kardonick* settlement class, precluding her from bringing claims that occurred from September 2004 through November 11, 2010.[1] (Dkt. No. 28 at 6.) On November 6, 2012, Plaintiff sent a "CLRA refund letter" to Defendant requesting (1) the actual damages suffered by Plaintiff; and (2) the actual damages suffered by other consumers similarly situated. (TAC ¶ 47.) On December 10, 2012, Defendant informed Plaintiff that her claims were released pursuant to the terms of the *Kardonick* settlement agreement. (TAC ¶ 47.) Nonetheless, Defendant credited Plaintiff's account in the amount of $666.06. (TAC ¶ 47.)

## II. Procedural History

Plaintiff initially filed this action in the Los Angeles Superior Court on December 27, 2012. (Dkt. No. 1.) It was removed to the United States District Court by Defendant on January 24, 2013. (Dkt. No. 1.) Plaintiff filed a First Amended Class Action

---

[1] The Court took judicial notice of the *Kardonick* settlement agreement on May 22, 2013. (Dkt. No. 39.) The agreement expressly releases all claims against Chase "arising out of or in any way relating to (i) any act, omission, event, incident, matter, dispute, or injury regarding a Payment Protector Product, including, without limitation, the development, sale, pricing, marketing, claims handling, enrollment procedures, disenrollment procedures, or administration of such a product."   (Dkt. No. 31, Ex. 2 at 20.) The settlement applies to the period from September 2004 through November 11, 2010. Plaintiff was a member of this class and she did not opt out, therefore she is bound by the terms in the settlement agreement.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00527-BRO (FFMx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

Complaint ("FAC") on April 1, 2013. In her FAC, Plaintiff alleged that Washington Mutual had automatically enrolled her in a Credit Protection Program for which she incurred monthly charges on her credit card statements. (FAC ¶¶ 49, 50, 53.) In its May 2013 order, the Court concluded that "the only basis upon which Plaintiff may bring a claim against [Defendant] is if [Defendant]'s billing for the [Payment Protector plan] constituted an independent act of wrongdoing after it acquired Plaintiff's credit card account, and . . . after the time period for which the *Kardonick* settlement agreement released such claims." (Dkt. No. 39 at 5.) The Court dismissed Plaintiff's FAC and provided leave to amend. (Dkt. No. 39.)

On June 20, 2013, Plaintiff filed a Second Amended Complaint, ("SAC"). (Dkt. No. 40.) In her SAC, Plaintiff attempted to allege with specificity an independent act of wrongdoing. Plaintiff alleged that she contacted Defendant in May of 2011 and asked if it could waive a late fee and inquired why her balance was so high. (SAC ¶ 52.) During this conversation, Defendant allegedly "did not inform [her] that the protector fees were optional and could be cancelled." (SAC ¶ 52.) In its October 2013 order, the Court found that the $666.06 pre-litigation refund was larger than the alleged credit protection charges and interest charges incurred after the misleading May 2011 conversation. (Dkt. No. 57 at 6.) As such, the Court found that Plaintiff failed to meet her burden to plead a redressable injury and therefore lacked standing to bring her claim. (Dkt. No. 57.) The Court dismissed Plaintiff's SAC and provided leave to amend to plead "independent misconduct by Chase that is not barred by FIRREA or the *Kardonick* settlement agreement which resulted in a redressable injury." (Dkt. No. 57.) The Court ordered Plaintiff to file a Third Amended Complaint ("TAC") by October 28, 2013. (Dkt. No. 57.)

On October 26, 2013, Plaintiff filed an application for an extension of time to file her TAC. (Dkt. No. 58.) The Court granted this extension and ordered her TAC to be filed by November 15, 2013. (Dkt. No. 59.) On November 14, 2013, Plaintiff filed her TAC. (Dkt. No. 65.) On December 13, 2013, Defendant filed a Motion to Dismiss Plaintiff's TAC pursuant to 12(b)(1) and 12(b)(6). (Dkt. No. 68.) On January 17, 2014 Plaintiff filed an Opposition. (Dkt. No. 75.) On January 27, 2014, Defendant filed its Reply. (Dkt. No. 76.) In her TAC, Plaintiff adds a breach of contract claim and a breach the implied covenant of good faith and fair dealing claim. (TAC ¶¶ 102-18.) Plaintiff also

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | Date | February 7, 2014 |
|----------|-----------------------------|------|------------------|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

adds several vague statements regarding additional harm that was not redressed by the pre-litigation refund.

## IV.   MOTION TO DISMISS 12(b)(6)

### A. Legal Standard

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (emphasis added).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: (1) first, discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, (2) determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *see also Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012).  A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | | Date | February 7, 2014 |
|---|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)
(citation omitted).

**B. Failure to State a Claim for Breach of Contract and Breach of Implied**
**Covenant of Good Faith and Fair Dealing**

To substantiate the final two causes of action, Plaintiff references the *Kardonick*
settlement agreement. Plaintiff alleges that Defendant represented to the *Kardonick*
settlement class that "Chase would cease charging the instant class members for the same
fees complained of in the *Kardonick* litigation after November 2010." (TAC ¶ 68.)
According to Plaintiff, "the instant class members relied on Defendant's
misrepresentation and proceeded with settling their prior claims, but Defendant continued
to charge them beyond the class period (November 2010)." (TAC ¶ 68.) According to
Plaintiff, this activity constituted a breach in the *Kardonick* settlement agreement.

Plaintiff's arguments are meritless.[2] First, Plaintiff concedes that she cannot cite to
express terms of the *Kardonick* settlement agreement, which state that members will not

---

[2] Contrary to Plaintiff's assertion that consideration of the *Kardonick* settlement is only appropriate at a
motion for summary judgment, the Court may consider the terms of the *Kardonick* settlement agreement
at the motion to dismiss stage. The Court took judicial notice of the *Kardonick* settlement agreement on
May 22, 2013. (Dkt. No. 39 at n.2.) The Court may "consider ... matters of judicial notice without
converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie,* 342
F.3d 903, 908 (9th Cir. 2003). Further, the "[C]ourt may consider evidence on which the complaint
'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the
plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."
*Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). Such consideration prevents
"plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon
which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (superseded by
statute on other grounds as recognized in *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681–
82 (9th Cir. 2006)). The Court takes "judicial notice not only of the existence and recordation of
recorded documents but also of a variety of matters that can be deduced from the documents." *Fontenot
v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 265 (Cal. Ct. App. 2011) (holding that it is proper for a
trial court to take judicial notice of the dates, parties, and legally operative language of a series of
recorded documents, but it is improper for a trial court to take judicial notice of the truth of various
factual representations made in the documents). Here, Plaintiff alleges a breach of the *Kardonick*
settlement agreement, relying on the document without questioning its authenticity. The Court will thus

---

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00527-BRO (FFMx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

be charged future fees for the Payment Protector plan. (Dkt. No. 75 at 5.) In the *Kardonick* settlement agreement, Defendant agreed to pay $20 million into a settlement fund to be used for making payments to class members. (*Kardonick* settlement §§ VI.B.) It does not mention an injunction against future action with the Payment Protector plan. Under California law, "[t]he unambiguous words of the agreement are the end of the story. As a rule, the language of an instrument must govern its interpretation if the language is clear and explicit." *McKnight v. Torres*, 563 F.3d 890, 893 (9th Cir. 2009) (quoting *Brookwood v. Bank of Am.*, 45 Cal.App.4th 1667, 1670-71 (1996)); *see also Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 835-36 (9th Cir.1996) ("[W]hen a contract has been reduced to writing, a court must ascertain the parties' intent from the writing alone."); *Ticor Title Ins. Co. v. Rancho Santa Fe Assn.*, 177 Cal.App.3d 726, 730 (1986) ("The fundamental canon of interpreting written instruments is the ascertainment of the intent of the parties."). Plaintiff does not allege nor does she argue that the *Kardonick* settlement agreement was unclear or ambiguous. Because the agreement here was clear, the Court must determine its meaning by reference to the parties' "'objective intent, as evidenced by the words of the contract.'" *Cedars-Sinai Med. Ctr. v. Shewry*, 137 Cal.App.4th 964, 980 (Cal.Ct.App. 2006) (quoting *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal.App.4th 944, 956 (Cal. Ct. App. 2003)). Plaintiff cannot point to any express terms in the agreement to substantiate her argument.

Instead, Plaintiff argues that Defendant violated the "the spirit of settlement and the notion of fairness" by continuing to charge Plaintiff fees for the Payment Protector plan. (Dkt. No. 75 at 5.) Plaintiff then quotes from the "Final Judgment of Order and Dismissal" which stated:

> The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby and finds that the terms constitute, in all respects, a **fair**, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs is consummation pursuant to its terms and conditions.

consider the *Kardonick* settlement agreement in ruling on this Motion to Dismiss. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1015-19 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-00527-BRO (FFMx) | | Date | February 7, 2014 |
|----------|------------------------|--|------|------------------|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

(Dkt. No. 75 at 5.) Plaintiff bolded the word fair. According to Plaintiff, this single term is a sufficient basis for the Court to infer that subsequent charges for the Payment Protector plan were barred.[3] The Court is only required to make reasonable inferences based upon concrete facts. *Iqbal*, 556 U.S. at 678. Importantly, however, Plaintiff cannot point to any express terms, referring only to facts that do not rise above the speculative level. *See id*. The Court declines to relitigate the *Kardonick* settlement agreement, or to read into it terms not expressly agreed upon by the parties. The *Kardonick* settlement agreement represents the "entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties" and "is not subject to any term or condition not provided herein." (*Kardonick* settlement § XX.) As such, the Court finds that Plaintiff has failed to state a claim for breach of contract.

Plaintiff's inability to state a claim for breach of contract devastates her ability to state a claim for breach of the implied covenant of good faith and fair dealing. "'The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.'" *Pasadena Live v. City of Pasadena*, 114 Cal.App.4th 1089, 1094 (2004) (emphasis in original). Plaintiff cannot "alter specific obligations set forth in the contract" nor "add duties independent of the contractual relationship." *Shawmut Bank, N.A. v. Kress Assocs.,* 33 F.3d 1477, 1503 (9th Cir.1994) (applying California law) (internal citation omitted).

Finally, Plaintiff's allegations of breach of contract and breach of the implied covenant of good faith and fair dealing are inconsistent with the Court's October order. The Court previously ruled that the Payment Protector charges Plaintiff challenges do not fall within the coverage of the *Kardonick* settlement agreement. Plaintiff's allegations of Payment Protector charges are actionable from November 2010 to October 2011 is because they were *not* covered by the *Kardonick* settlement agreement and were therefore not released. (Dkt. No. 57 at 5-6.)

---

[3] Plaintiff also points to the *Kardonick* class complaint which asked for "injunctive relief enjoining [Defendant] from *continuing to engage* in deceptive, unlawful, and unfair common scheme as alleged in the Amended Complaint." (Dkt. No. 75 at 8.) This does not appear in Plaintiff's TAC and will not be considered. The Court notes, however, that this would not further Plaintiff's TAC because it is not contained in the terms of the *Kardonick* settlement agreement.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00527-BRO (FFMx) | | Date | February 7, 2014 |
|---|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

After four attempts to state an actionable claim, Plaintiff again fails. Because the claim is based upon the express terms of the *Kardonick* settlement agreement, the Court finds that no amount of discovery could cure Plaintiff's deficiency. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("[T]he pleading must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'").

## III. Motion to Dismiss Pursuant to 12(b)(1)

### A. Legal Standard

The standing requirement stems from Article III of the United States Constitution ("Article III"), which requires that federal courts adjudicate only actual cases and controversies. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 551 (1996). Article III standing is an "indispensable part" of a plaintiff's case. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). To establish Article III standing, a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and defendant's conduct; and (3) a likelihood that the injury-in-fact will be redressed by a favorable decision. *Id.* at 560–61. At the pleading stage, a plaintiff need only set forth "general factual allegations of injury resulting from the defendant's conduct." *Id.* at 561. *See generally*, *Osborne v. Cnty. of Riverside*, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005).

### B. Injury-in-Fact and Causal Connection

Plaintiff has the burden of alleging specific facts to establish standing. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002) ("The party seeking to invoke the jurisdiction of the federal courts has the burden of alleging specific facts sufficient to satisfy these three elements.") The Court finds Plaintiff has sufficiently pled injury and a causal connection with Defendant; however, Plaintiff again fails to allege specific facts that establish a redressable injury. Plaintiff has amended her complaint three times, but still fails to meet her burden. As a result, the Court finds that Plaintiff's claims are fatally flawed and no amendment could cure their deficiencies. *See Manzarek*, 519 F.3d at 1031.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | | Date | February 7, 2014 |
|---|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

## C. Redressability

### i. Standing to Assert UCL and Intentional Misrepresentation Claim

Plaintiff seeks restitution and injunctive relief under the UCL claim. *See Pfizer Inc. v. Superior Court*, 182 Cal.App.4th 622, 631 (2010) ("The remedies available in a UCL or FAL action are generally limited to injunctive relief and restitution."). Restitution is limited to "funds in which [the plaintiff] has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2003). In connection with Plaintiff's intentional misrepresentation claim, Plaintiff seeks damages "in an amount not less than the purchase price of either Defendants' Credit Protector or Payment Protector plans, or a portion thereof, plus interest." (TAC ¶ 70.) To state a claim for intentional misrepresentation, Plaintiff must allege that she suffered "actual monetary loss." *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239-40 & n.4 (1995).

The only conduct Plaintiff alleges with specificity is (1) Defendant's representation "that by settling the prior *Kardonick* class complaint allegations, [Defendant] would cease charging the instant class members for the same fees complained of in the *Kardonick* litigation after November 2010" (TAC ¶ 68); and (2) Defendant's representation to Plaintiff in May of 2011 that "she could not lower or cancel the monthly [payment] protector fee" and that she was "to remain enrolled in Payment Protector as a condition of maintaining their credit card accounts and benefits associated therewith." (TAC ¶¶ 44, 62.)[4]

---

[4] Plaintiff's TAC makes other assertions in her claim that Defendant failed to market and administer its Payment Protector plan. (TAC ¶¶ 61-71.) Plaintiff however does not plead these allegations with the specificity necessary to meet Rule 9(b)'s particularity requirement. As the Court ruled previously in its May order, "[n]one of these allegations are tied to conduct directed at Plaintiff individually or injury suffered by Plaintiff. Plaintiff's opposition papers describe[d] these facts as 'background information about the Payment Protect[or] program as a whole.'" (Dkt. No. 39 at 3.) Not only does Plaintiff fail to plead with particularity, she fails to establish standing to request an injunction to preclude "Defendant from continuing to engage, use, or employ any unlawful, unfair and/or deceptive business act or practice and unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing and any act prohibited" by UCL. Plaintiff fails to allege that there is a real and immediate threat of repeated injury or that there is "a sufficient likelihood that [she] will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00527-BRO (FFMx) | | Date | February 7, 2014 |
|---|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

Plaintiff's first allegation that the *Kardonick* settlement agreement promised not to incur future Payment Protector charges is belied by the agreement. As discussed at length above, the express terms of the agreement do not establish this.

As the Court noted in its October order, Plaintiff's second allegation is actionable. She specifically pled that she was misled by Defendant's employee regarding the terms of the Payment Protector plan in May of 2011; but this act limits recovery to those damages that occurred after May 2011. (Dkt. No. 57 at 4-5.) Despite having an extension of time to amend her Complaint, Plaintiff again fails to plead a redressable injury for which she could be awarded restitution. (*See* Dkt. No. 58) (granting two-week extension of time for Plaintiff to file an amended complaint).

First, Plaintiff reiterates her allegation that she suffered a redressable injury because she incurred certain credit protection charges and interest charges after November 2010. (Dkt. No. 75 at 7-8.) Plaintiff alleges that the $666.06 pre-litigation refund was intended to remedy *all* Payment Protector costs since 2008. (TAC ¶ 48.) According to Plaintiff "the amount refunded to Plaintiff was not for the five months post-May 2011 contact which she had with Chase, but instead was for the entire period of time from 2008 to 2011 in which Chase charged her credit card account for the unauthorized Payment Protector charges." (TAC ¶ 48.) As such, Plaintiff asks the Court to draw the inference that the refund was too small to cover the costs expended from November 2010 to October 2011.

Plaintiff references correspondence that accompanied Defendant's refund in December 2012. (TAC ¶¶ 48, 65.) Plaintiff alleges that "this letter did not claim that the refund was only for [the] May 2011 to October 2011 period." (TAC ¶ 48.) Defendant stated in the letter that its records indicated Plaintiff was a class member of the *Kardonick* settlement agreement and that she has given up any right to sue Defendant for "claims relating to payment protection products." (Dkt. No. 48-4 at 2.) "Despite having no obligation to do so, as a courtesy and in a good faith effort to maintain a good relationship with [Plaintiff] as [its] customer, [Defendant] credited [her] account in the amount [of] $666.06. This credit represents the total premiums paid for the Payment Protector coverage on [Plaintiff's] account. . ." (Dkt. No. 48-4 at 2.) The Court finds Plaintiff's new arguments to be meritless.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

Since May 2013, Plaintiff has conceded that that she has no claim to money paid during the time period covered by the *Kardonick* settlement agreement. (Dkt. No. 39; *see* TAC ¶ 52 ("Plaintiff is aware of the terms of the *Kardonick* settlement and does not seek damages on her behalf . . .").) Defendant explicitly says as much in its letter to Plaintiff, noting that according to its records Plaintiff received notice of the *Kardonick* settlement agreement and never opted out. (Dkt. No. 48 at 2.) As such, the only reasonable inference that can be drawn from [Defendant's] letter is that Defendant intended to refund Plaintiff for any actionable claim that survived the *Kardonick* settlement agreement. *See Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) ("When reviewing motions to dismiss, we must 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. . . .'").

Second, Plaintiff argues in her Opposition that although she received the $666.06 refund, she remains out of pocket for "time away from work and other activities (phone charges, cost of driving to branch, etc.) associated with her numerous attempts to stop being charged for Payment Protector, in writing her CLRA letter, and in attempting to secure refund of over limit and late fees." (Dkt. No. 75 at 14.) Plaintiff does not allege these "other charges" in her TAC. Plaintiff is no longer enrolled in the Payment Protector plan, nor does she allege that she could potentially be reenrolled. (TAC ¶ 51.) In the Court's October order, Plaintiff was instructed to provide specific allegations that "she suffered 'actual monetary loss.'" (Dkt. No. 57 at 7.)

Third, Plaintiff argues that the $666.06 refund does not satisfy the increased interest incurred because the Payment Protector plan gave her a higher monthly balance. (TAC ¶ 50.) With regard to the interest charges, Plaintiff alleged the following charges in her TAC:

| Statement Period | Payment Protector Fees | Interest Fees | Total |
|---|---|---|---|
| 4/16/11-5/15/11 | $23.31 | $52.27 | - |
| 5/16/11-6/15/11 | $22.39 | $53.33 | - |
| 6/16/11-7/15/11 | $22.36 | $52.28 | - |
| 7/16/11-8/15/11 | $22.36 | $54.50 | - |
| 8/16/11-9/15/11 | $22.34 | $54.90 | - |
| 9/16/11-10/15/11 | $22.62 | $53.70 | - |

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-00527-BRO **(FFMx)** | | Date | February 7, 2014 |
|---|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

| Total | $135.38 | $320.98 | $456.36 |
|---|---|---|---|

(TAC ¶ 50.) Plaintiff includes charges from November 2010 until May 2011, however as the Court noted in its October order, only charges after the misleading May 2011 telephone call would be actionable.[5] Plaintiff concedes that "the above calculations may not be precise" but are accurate "within a few hundred dollars." (TAC ¶ 50.) Plaintiff wants the Court to infer from these allegations that the $666.06 pre-litigation refund was not sufficient to remedy Plaintiff's outstanding costs. She summarily states that "Plaintiff will seek to set forth the precise amount at the time of trial." (TAC ¶ 50.) Plaintiff attempts to assert additional monetary damages from the general interest her account collected (Dkt. No. 75 at 13), but Plaintiff's allegations that interest exceeded the pre-litigation refund are at best merely speculative.[6] Again, the Court reiterates the finding from its October order, the interest and Payment Protector charges from May 2011 to October 2011 as alleged in the TAC are less than Plaintiff's pre-litigation refund.

Plaintiff's allegations were mooted by receipt of the pre-litigation refund. *See U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980) (citation omitted) (holding that a case is moot "when the issues presented are no longer 'live' or the parties lack a legally

---

[5] Plaintiff alleges the following charges that preceded the misleading May 2011 telephone conversation:

| Statement Period | Payment Protector Fees | Interest Fees | Total |
|---|---|---|---|
| 11/16/10-12/15/10 | $21.84 | $49.15 | - |
| 12/16/10-1/15/11 | $21.93 | $51.26 | - |
| 1/16/11-2/15/11 | $21.91 | $51.45 | - |
| 2/16/11-3/15/11 | $21.97 | $46.75 | - |
| 3/16/11-4/15/11 | $22.42 | $52.20 | - |
| 4/16/11-5/15/11 | $23.31 | $52.27 | - |
| Total | $133.38 | $303.08 | $436.46 |

(TAC ¶ 50.)

[6] Plaintiff attempts to argue that the fact that this refund was given in the course of litigation because it was in response to the CLRA letter. As such, Plaintiff argues that it does not qualify as a pre-litigation refund and therefore cannot deprive her of standing. (Dkt. No. 75 at 11.)Further, Plaintiff cites no case law showing that this distinction is meaningful.  The Court finds this argument unpersuasive.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | | Date | February 7, 2014 |
|---|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | | |

cognizable interest in the outcome"); *see also Brandon v. Nat'l Railroad Passenger Corp. Amtrak*, No. 12-5796, 2013 WL 800265 at *3 (C.D. Cal. Mar. 1, 2013) (holding that a pre-litigation refund mooted a restitution claim under California's Unfair Competition Law).

In response, Plaintiff argues that a claim is only mooted when an opposing party has agreed to everything the other party has demanded. *See GCB Commc'ns, Inc. v. U.S.S. Commc's, Inc.*, 650 F.3d 1257, 1267 (2011). According to Plaintiff, that is not the case here because the demand letter requested a refund to "all others similarly situated." (TAC ¶¶ 47-48.) As the Court stated in its October order, Plaintiff cannot assert standing through the claims of absent putative class members. (Dkt. No. 57 at 7.) A plaintiff who seeks to represent a class must allege "a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Plaintiff does not have a redressable injury for her UCL and intentional misrepresentation claims.

### ii. CLRA Claim

Plaintiff only seeks injunctive relief for the alleged CLRA violation.[7] Plaintiff is no longer enrolled in the Payment Protector plan, nor does she allege that she could potentially be reenrolled. (TAC ¶ 51.) "[P]ast wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Past wrongs can serve as "evidence bearing on whether there is a real and immediate threat of repeated injury." *Id*. Here, Plaintiff failed to allege that there is a real and immediate threat of repeated injury or that there is "a sufficient likelihood that [she] will again be wronged in a similar way.'" *Id.*  As her TAC alleges, "Chase cancelled implementation of Payment Protector on Plaintiff's account on its own." (TAC ¶ 51.) As a result, the Court finds that Plaintiff

---

[7] Money damages may be available under the CLRA claim, however in her TAC Plaintiff alleges she "does not seek monetary damages in conjunction with [her] CLRA claim, but specifically reserve[s] the right to do so in the future." (TAC ¶ 91.)

LINK:

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

does not have standing for a claim of injunctive relief. *See Meyer v. Spring Spectrum, L.P.*, 45 Cal. 4th 639, 649 (2009) (holding that consumer who seeks injunctive relief under Consumers Legal Remedies Act must satisfy CLRA's provision governing standing and finding that plaintiffs lacked standing because they could not identify any future harm).

Plaintiff has not met her burden to establish standing on her UCL, intentional misrepresentation, and CLRA claims.

The Court finds it appropriate to **GRANT** Defendant's Motion to Dismiss **with prejudice**. In her three attempts to amend her complaint, Plaintiff's arguments became increasingly attenuated. Plaintiff has failed for a fourth time to carry her burden of showing that she suffered "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; *and likely to be redressed by a favorable ruling*." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (emphasis added). As such, Plaintiff demonstrates that any further amendments would be futile. *See Manzarek*, 519 F.3d at 1031.

## V. Motion for an Order Permitting Pre-Certification Discovery

Plaintiff's Motion for an Order Permitting Pre-Certification Discovery is procedurally improper. Admittedly, Plaintiff did not comply with the meet and confer requirement of Local Rule 31-7. *See* C.D. Cal. L.R. 31-7. She argues that she did not have to comply with the Local Rule because this is not a discovery motion. (Dkt. No. 77 at 1.) In fact, the Court finds that Plaintiff's Motion is akin to a motion to compel, which would require counsel to meet and confer. Nonetheless, *all* other motions are governed by Local Rule 7-3, which requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "Plaintiff's counsel concedes that this was not done via telephone, but the practice between parties' attorneys (Mr. Andrew Soukup for Chase) consistently involved email communications . . ." (Dkt. No. 77 at 1.) The Court will not engage in an analysis of this discovery request, because it has been mooted by the Court's decision to dismiss the TAC with prejudice.

## VI. Conclusion

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-00527-BRO (FFMx)** | Date | February 7, 2014 |
|---|---|---|---|
| Title | ASHLEY AMIRHAMZEH v. CHASE BANK USA, N.A. | | |

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint pursuant to 12(b)(1) and 12(b)(6) **with prejudice**.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Initials of Preparer | : |
|  | rf |